FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2012 MAR 15  PM 5 57

STEPHAN HARRIS, CLERK
CASPER

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | No.  12 cr 058 - S |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Ct. 1:**   **18 U.S.C. § 1349** |
| v. | ) | (Conspiracy to Commit |
| | ) | Mail and Wire Fraud) |
| **ROBERT ARTHUR  REED, a/k/a** | ) | |
| **Ben Stauffer a/ka Ben Staupher a/k/a** | ) | **Ct. 2-5:**   **18 U.S.C. § 1341** |
| **Ben Stopher** | ) | (Mail Fraud) |
| Counts 1-6 | ) | |
| | ) | |
| **LAUREN ELIZABETH SCOTT a/k/a** | ) | **Ct. 6:**   **18 U.S.C. § 1343** |
| **Jillian Taylor** | ) | (Wire Fraud) |
| Count 1 | ) | |
| **and both Defendants d/b/a Mountain State** | ) | |
| **Power Group, Inc., or Mountain State** | ) | **FORFEITURE NOTICE** |
| **Power, Inc., and Sovereign Energy Partners,** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **CHRISTOPHER PONISH,** | ) | |
| Count 1 | ) | |
| | ) | |
| Defendants. | ) | |

## I N D I C T M E N T

THE GRAND JURY CHARGES THAT:

## COUNT ONE
### (Conspiracy to Commit Mail and Wire Fraud)

Beginning on or about May 2009, and continuing through and including the return of this

indictment, in the District of Wyoming and elsewhere, the Defendants, **ROBERT ARTHUR**

**REED, a/k/a Ben Stauffer a/k/a Ben Staupher a/k/a Ben Stopher** (hereinafter "**REED**"), **LAUREN ELIZABETH SCOTT, a/k/a Jillian Taylor** (hereinafter "**SCOTT**"), and **CHRISTOPHER PONISH** (hereinafter "**PONISH**"), together with other persons both known and unknown to the grand jury, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with one another to commit mail fraud and wire fraud, by devising and executing a scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations and promises from various investors throughout the United States, in an amount totaling approximately $3.7 million, which scheme was furthered by the use of the mails (and a commercial interstate carrier) and wire communications, in violation of 18 U.S.C. §§ 1341 and 1343.

## MANNER AND MEANS

1.      It was part of the conspiracy to commit violations of mail fraud and wire fraud that Defendants **REED** and **SCOTT** created the entities of Mountain State Power Group, Inc., or Mountain State Power, Inc. (hereinafter "MSP"), and Sovereign Energy Partners (hereinafter "Sovereign"), as artifices used for soliciting potential investors into placing funds into non-existent wind farm projects in Wyoming and other states.

2.      It was further a part of the conspiracy to commit violations of mail fraud and wire fraud that Defendant **REED** opened business checking accounts at banks in the State of Utah to receive funds from investors.

2

3.      It was further a part of the conspiracy to commit violations of mail fraud and wire fraud that persons unknown to the grand jury utilized web-sites for the purpose of providing false information as to the alleged wind farms, and for the purpose of inducing potential investors to invest money in them.

4.      It was further a part of the conspiracy to commit violations of mail and wire fraud that Defendants **REED** and **SCOTT** paid telephone solicitors to make "cold calls" to potential investors to provide them with false information as to the alleged wind farm projects, including the following:

a.      The wind farm projects were being funded jointly by private investors and the United States government.

b.      Government funds had been set aside by the President of the United States for the development of green energy for these alleged wind farm projects.

c.      The minimum investment sought from an investor was $25,000, which was to be applied towards the construction of the wind farms.

d.      MSP and Sovereign had contracts with local power companies to purchase all of the power produced once the wind farms were complete and in operation.

e.      An investor's initial investment would be returned at the end of the first year, leaving nine years for the investment to return a 40 percent profit annually.

3

5.      It was further a part of the conspiracy to commit violations of mail fraud and wire fraud that Defendant **SCOTT** attempted to purchase residential land near Casper, Wyoming (on behalf of MSP) to further enhance the wind farm's aura of authenticity.

6.      It was further a part of the conspiracy to commit violations of mail fraud and wire fraud that Defendant **REED** caused investors to send checks, contracts, and other documents through Federal Express, a commercial interstate carrier, to locations in Cheyenne and Casper, Wyoming.

7.      It was further a part of the conspiracy to commit violations of mail fraud and wire fraud that the Defendants **REED** and **SCOTT** entered into a contract to purchase land in South Dakota on behalf of SOVEREIGN (with **SCOTT** using the alias **Jillian Taylor**) in an attempt to make the SOVEREIGN project appear legitimate.

8.      It was further a part of the scheme to commit mail fraud and wire fraud violations that Defendants **REED**, **SCOTT**, and **PONISH** diverted and spent money obtained from wind farm investors for their own purposes, and for purposes entirely unrelated to the construction of wind farm projects, including but not limited to:

a.      $445,700 of investor funds were diverted directly to Defendant **REED**;

b.      $112,300 of investor funds were diverted to Brooklyn Capital, an entity controlled by Defendant S**COTT**;

c.      $117,250 of investor funds were diverted to Rosetta Millington Inc., an entity controlled by Defendant **SCOTT**;

d.      $72,000 of investor funds were used to make payments on Defendant **SCOTT's** residence in Morgan, Utah;

4

e.    $171,200 of investor funds were diverted to Defendant **PONISH** by Defendant **REED**;

f.    $135,000 of investor funds were used to help fund the $870,000 purchase of a Newell Motor Coach;

g.    $942,837.50 of investor funds were sent to Greenbelt Asset Management by Defendant **REED**; and

h.    $907,500.00 of investor funds were sent to 2BGreen Consulting LLC by Defendant **REED**.

## OVERT ACTS

In furtherance of the conspiracy and in order to accomplish the objects thereof, the following overt acts were committed:

1.    On or about May 29, 2009, Defendant **SCOTT**, on behalf of MSP, entered into a contract to purchase land outside of Casper, Wyoming utilizing check # 9905 in the amount of $2,000.00 drawn on a Bank of the West account # ending in 9170, controlled by Defendant **SCOTT** (and under the name of Aventine Capital, LLC).

2.    On or about July 17, 2009, Defendant **REED**, using the alias **Ben Stauffer** opened a mail forwarding account with WyomingRegisteredAgent.com at 2510 Warren, Suite 3395, Cheyenne, WY 82001 by a credit card wire transfer of $49.00 from **REED's** JP Morgan Chase account # ending in 9548.

3.    On or about July 23, 2009 Defendant **SCOTT** caused MSP to be incorporated in the State of Delaware through an entity known as American Incorporators Ltd, with payment made for

the incorporation through **SCOTT's** Zions First National Bank (hereinafter "Zions Bank") account # ending in 9209.

4.    On or about December 11, 2009 Defendant **REED** opened an account # ending in 3380 at Zions Bank in Salt Lake City, Utah, in the name of Mountain State Power Group Inc., with an address of 2510 Warren Ave., Ste. 3395, Cheyenne, WY 82001.

5.    On or about June 22, 2010, Defendant **REED** opened an account # ending in 8009 at the Bank of Utah, Layton, Utah in the name of Mountain State Power Inc., 1221 W. Alameda Parkway #106, Lakewood, CO 80228.

6.    On or about August 23, 2010, Defendant **REED a/k/a Ben Staupher** opened a mail forwarding account with Executive Suites, 5830 East Second Street, Casper, WY 82609, using a Moneygram # R202528654340 in the amount of $219.38, and in the name of **Ben Staupher**.

7.    Beginning on or about August 23, 2010, Defendant **REED a/k/a Ben Staupher** caused mail to be forwarded from Executive Suites, 5830 E. Second St., Casper WY 82609, to POSTNET, 78 S. Fairfield Rd., Suite #184, Layton, UT under the name of **Ben Staupher**.

8.    On or about January 21, 2011, a person unknown to the grand jury but using the name "Julian Josef" caused an email to be sent to MSP investors titled: "MOUNTAIN STATE POWER COMPLETES WYOMING WIND PROJECT," and which enclosed a Google map link to a wind farm project which had no connection to MSP.

9.      On or about January 29, 2011, Defendant **REED** updated an account # ending in 8009 at the Bank of Utah to reflect the account name as: Mountain State Power Inc. d/b/a Sovereign Energy Partners, Robert Reed, 5830 E. Second Street, Casper, WY 82609.

10.     On or about June 15, 2011, persons unknown to the grand jury but using the names "Eric Roth" and "Donald R. Kirkland" caused a letter to be sent to MSP investors announcing that MSP had ". . . become a wholly owned subsidiary of Sovereign . . . " and with that restructuring, the project was being relocated ". . . to nearly 1500 acres of prime, class 5 and above prevailing wind (source US Department of Energy) land in Wyoming and in the hills of South Dakota . . . "

11.     On or about August 2011, Defendant **PONISH** traveled to Butte County, South Dakota, on behalf of Sovereign and paid contractors $2800 in cash to move earth around with heavy equipment to create a false illusion that the Sovereign wind farm project was actually under construction.

12.     Between on or about August 5, 2011 and August 25, 2011, Defendant **REED** wire transferred $18,500 to Defendant **PONISH** from **REED's** Mountain State Power/Sovereign Energy Bank of Utah account # ending in 8009.

13.     On or about November 3, 2011 Defendant **PONISH** opened a virtual office account for "Sovereign Energy" at a mail forwarding service called Regus, located at 7702 Doubletree Road, Scottsdale, AZ 85258, which was paid for by Defendant **REED,** utilizing a credit card ending in 6646.

14.     On or about November 3, 2011, Defendant **REED a/k/a Ben Stopher** caused mail to be forwarded from Regus, located at 7702 Doubletree Rd., Scottsdale, AZ 85258 to POSTNET, located at 78 S. Fairfield Rd., Suite 184, Layton, UT.

15.     On or about January 9, 2012 a person unknown to the grand jury but using the name "Donald R. Kirkland" caused a letter to be sent to MSP investors (and under MSP letterhead) stating that the project was now located ". . . well within the Williston Basin, of South Dakota, known for its rich deposits of petroleum, and that there is a potential of considerable oil and gas deposits beneath the surface of our project," with photos of heavy equipment at the site attached to the letter.

All in violation of 18 U.S.C. § 1349.

### COUNT TWO
### (Mail Fraud)

On or about December 9, 2009, in the District of Wyoming and eleswhere, the Defendant **ROBERT ARTHUR REED, a/k/a Ben Stauffer**, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, as described in "The Manner and Means" and "Overt Acts" portion of Count One of this Indictment, did knowingly cause to be placed in an authorized depository for mail matter, according to the directions thereon, a personal check #102, drawn on the account of L.M. and P.M., at Wells Fargo Bank, and payable to "Mountain State Power, Inc.", in the amount of $25,000, and sent via Federal Express, a commercial interstate

carrier, tracking #798208534213, from the State of Nevada to 2510 Warren Avenue, Suite 3395, Cheyenne, WY 82001.

In violation of 18 U.S.C. § 1341.

### COUNT THREE
**(Mail Fraud)**

On or about March 12, 2010, in the District of Wyoming, and elsewhere, the Defendant **ROBERT ARTHUR REED, a/k/a Ben Stauffer**, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, as described in "The Manner and Means" and "Overt Acts" portion of Count One of this Indictment, did knowingly cause to be placed in an authorized depository for mail matter, according to the directions thereon, documents associated with J.B.'s $25,000 investment in Mountain State Power and sent via Federal Express, a commercial interstate carrier, tracking #864010583015, from the State of Oklahoma to 2510 Warren Avenue, Suite 3395, Cheyenne, WY 82001.

In violation of 18 U.S.C. § 1341.

### COUNT FOUR
**(Mail Fraud)**

On or about September 15, 2010, in the District of Wyoming and elsewhere, the Defendant **ROBERT ARTHUR REED, a/k/a Ben Staupher**, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and for obtaining money and property by means of false

9

and fraudulent pretenses, representations, and promises, as described in "The Manner and Means" and "Overt Acts" portion of Count One of this Indictment, did knowingly cause to be placed in an authorized depository for mail matter, according to the directions thereon, documents associated with M.S.'s and J.S.'s $250,000 investment in Mountain State Power, and sent via Federal Express, a commercial interstate carrier, tracking # 872881304570, from the State of Oregon to 5830 E. Second Street, Casper, WY 82009.

In violation of 18 U.S.C. § 1341.

## COUNT FIVE
### (Mail Fraud)

On or about October 5, 2010, in the District of Wyoming and elsewhere, the Defendant **ROBERT ARTHUR REED, a/k/a Ben Staupher**, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, as described in "The Manner and Means" and "Overt Acts" portion of Count One of this Indictment, did knowingly cause to be placed in an authorized depository for mail matter, according to the directions thereon, a personal check #202 drawn on the account of D.B. and C.B. at JP Morgan Chase Bank, payable to "Mountain State Power" in the amount of $50,000, and sent via Federal Express, a commercial interstate carrier, tracking # 872881304949, from the State of New York to 5830 E. Second Street, Casper, WY 82609.

In violation of 18 U.S.C. § 1341.

## COUNT SIX
### (Wire Fraud)

On or about November 18, 2010, in the District of Wyoming and elsewhere, the Defendant,

**ROBERT ARTHUR REED, a/k/a Ben Staupher**, for the purpose of executing and attempting to

execute a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent

pretenses, representations and promises, as described in "The Manner and Means" and "Overt

Acts" portion of Count One of this Indictment, did knowingly cause to be transmitted by means of

wire communication, in interstate commerce, between the State of Utah and the State of Wyoming,

certain signs, signals, and sounds, that is, a credit card wire transfer in the amount of $201.48 from

a JP Morgan Chase Credit card ending in 6646, in the name of Defendant **REED**.

In violation of 18 U.S.C. § 1343.

### FORFEITURE NOTICE

1.     The allegations as described in the "Manner and Means" and "Overt Acts" portion

of Count One of this indictment are hereby realleged and incorporated by reference for the purpose

of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C § 2461(c).

2.     Upon conviction of one or more of the offenses as alleged in Counts One through Six

of this Indictment, Defendants **ROBERT ARTHUR REED, LAUREN ELIZABETH SCOTT**,

and **CHRISTOPHER PONISH** shall forfeit to the United States pursuant to 18 U.S.C. §

981(a)(1)(c) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived

from proceeds traceable to the offenses.  The property to be forfeited includes, but is not limited to, the following:

    a.  MONEY JUDGMENT:

    1.    A sum of money equal to at least $3.7 million in United States currency, representing the amount of proceeds obtained as a result of the offense;

    b.  REAL PROPERTY:

    1.    All that lot or parcel of land together with its buildings, appurtenances, improvements, fixtures attachments and easements, located at 2190 So. Morgan Valley Drive, Morgan, Utah, more particular y described as:

> A TRACT OF LAND SIT IN THE SE 1/4 & THE NE 1/4 OF SEC 14, T3N, R2E, SLBM, U.S. SUR, MORGAN CO, UTAH, BEING MORE PART DESC AS FOLS: COM AT THE SW COR OF SD SEC 14; TH N 50° 20' 1 7" E 4461.41 FT TO A PT ON THE E LN OF MORGAN VALLEY DR, A REBAR W/CAP, & THE T.PO; TH N 07° 44'04" W 527/45 FT ALG SD E LN OF MORGAN VALLEY DR TO A F NC LN & REBAR W/CAP; TH S 60° 09'11" E 205.29 FT AL G A FNC LN TO A FNC COR & REBAR W/CAP; TN N 84° 29'

    c.  CONVEYANCES:

    1.    A 2008 Newell 458 Quad Motor Coach, VIN#: 1N9458X8381011223;

    d.  BANK ACCOUNTS:

    1.    All United States currency, funds, or other monetary instruments credited to an account # ending in 8009, at the Bank of Utah, in Layton, Utah, in the names of Mountain State Power, Inc. dba Sovereign Energy Partners and **ROBERT REED**; and an account # ending in 9548 at JP Morgan Chase in the name of **ROBERT ARTHUR REED**.

2.      All United States currency, funds, or other monetary instruments credited to an account # ending in 9795 at JP Morgan Chase in the name of **CHRISTOPHER PONISH**.

3.      If any of the property described above, as a result of any act or omission of the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c).

A TRUE BILL:

_Kevin J. Frank_

FOREPERSON

_Mu Crofts_

CHRISTOPHER A. CROFTS
United States Attorney

13

## PENALTY SUMMARY

**DEFENDANT NAME:**    **ROBERT ARTHUR REED**
**a/k/a Ben Stauffer**
**a/ka Ben Staupher**
**a/k/a Ben Stopher**

**DATE:**    March 13, 2012

**INTERPRETER NEEDED:**    _____ Yes    __✓__ No

**VICTIM:**    __✓__ Yes    _____ No

**SEAL CASE:**    _____ Yes    __✓__ No

**OFFENSE:  Ct. 1:**    **18 U.S.C. § 1349**
(Conspiracy to Commit Mail and Wire Fraud)

**PENALTIES:**    20 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**OFFENSE:  Cts. 2-5:**    **18 U.S.C. § 1341**
(Mail Fraud)

**PENALTIES:**    20 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**OFFENSE:  Ct.6:**    **18 U.S.C. § 1343**
(Wire Fraud)

**PENALTIES:**    20 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**TOTALS:**    120 YEARS IMPRISONMENT
$ 1,500,000 FINE
3 YEARS SUPERVISED RELEASE
$600 SPECIAL ASSESSMENT

**PENALTY SUMMARY -**
**Page 2**


**AGENT:**   Todd Scott/FBI                **AUSA:**      Lisa E. Leschuck


**ESTIMATED TIME OF TRIAL:** ___✓___ 1-5 days _____ more than 5 days

**THE GOVERNMENT WILL SEEK DETENTION IN THIS CASE:**

___✓___ Yes          ____ No

**The court should not grant bond because the**
**Defendant is not bondable because there are**
**detainers from other jurisdictions:**

_____ Yes          _____ No

## PENALTY SUMMARY

**DEFENDANT NAME:**     **LAUREN ELIZABETH SCOTT**
                        **a/k/a Jillian Taylor**

**DATE:**               March 13, 2012

**INTERPRETER NEEDED:**        _____ Yes        _✓_ No

**VICTIM:**                    _✓_ Yes        _____ No

**SEAL CASE:**                 _____ Yes        _✓_ No

**OFFENSE:**   **Ct. 1:**   **18 U.S.C. § 1349**
                            (Conspiracy to Commit Mail and Wire Fraud)

**PENALTIES:**          20 YEARS IMPRISONMENT
                        $250,000 FINE
                        3 YEARS SUPERVISED RELEASE
                        $100 SPECIAL ASSESSMENT

**TOTALS:**             20 YEARS IMPRISONMENT
                        $ 250,000 FINE
                        3 YEARS SUPERVISED RELEASE
                        $100 SPECIAL ASSESSMENT

**AGENT:**   Todd Scott/FBI          **AUSA:**     Lisa E. Leschuck

**ESTIMATED TIME OF TRIAL:**   _✓_ 1-5 days _____ more than 5 days

**THE GOVERNMENT WILL SEEK DETENTION IN THIS CASE:**

                _✓_ Yes        ____ No
        **The court should not grant bond because the
        Defendant is not bondable because there are
        detainers from other jurisdictions:**

                ____ Yes          ____ No

## PENALTY SUMMARY

**DEFENDANT NAME:**   **CHRISTOPHER PONISH**

**DATE:**   March 13, 2012

**INTERPRETER NEEDED:** _____ Yes   __✓__ No

**VICTIM:**   __✓__ Yes   _____ No

**SEAL CASE:**   _____ Yes   __✓__ No

**OFFENSE**:   **Ct. 1:**   **18 U.S.C. § 1349**
(Conspiracy to Commit Mail and Wire Fraud)

**PENALTIES**:   20 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**TOTALS**:   20 YEARS IMPRISONMENT
$ 250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**AGENT:**   Todd Scott/FBI   **AUSA:**   Lisa E. Leschuck

**ESTIMATED TIME OF TRIAL:** __✓__ 1-5 days _____ more than 5 days

**THE GOVERNMENT WILL SEEK DETENTION IN THIS CASE:**

__✓__ Yes   _____ No

**The court should not grant bond because the Defendant is not bondable because there are detainers from other jurisdictions:**

_____ Yes   _____ No